1
2
3
4    UNITED STATES DISTRICT COURT
5    NORTHERN DISTRICT OF CALIFORNIA
6

7    MICHAEL ANGELO POWELL,                    Case No. 18-cv-04443-JST

8              Plaintiff,

9         v.                                   **ORDER DENYING REQUEST FOR
                                               REMAND, GRANTING REQUEST FOR
10   C. KOENIG,                                SCREENING ORDER**

                                               Re: ECF No. 4, 6
11             Defendant.

12

13        Plaintiff, an inmate at Correctional Training Facility ("CTF") in Soledad, California

14   initiated this action by filing a complaint in Monterey County Superior Court on May 21, 2018,

15   against CTF Warden Koenig. ECF No. 1-1. On July 23, 2018, Defendant Koenig removed this

16   action to federal court. ECF No. 1. Plaintiff has filed an objection to the removal, which the

17   Court construes as a motion to remand. ECF No. 6. For the reasons set forth below, the Court

18   DENIES Plaintiff's motion to remand.

19                                     **DISCUSSION**

20        Plaintiff argues that this action should be remanded to state court because the removal was

21   untimely, and because the complaint raises issues that are "specifically enforceable and protected"

22   under the California Constitution and California laws. ECF No. 6.

23   **A.    Legal Standard Governing Removal**

24        Section 1441(a) of Title 28 provides that a defendant may remove from state court any

25   action "of which the district courts of the United States have original jurisdiction." 28 U.S.C.

26   § 1441(a). A case must be removed "within 30 days after receipt by the defendant through service

27   or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

28   action or proceeding is based . . ." *Id.* § 1446(b)(1).

1     For removal to be proper, the federal question must be clearly presented on the face of the

2     plaintiff's properly pleaded complaint. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41

3     (1989); *see also Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987); *Hunter v. Phillip Morris*

4     *USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). This rule makes the plaintiff the master of his claim in

5     that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar*,

6     *Inc.*, 482 U.S. at 392. The removal statute is strictly construed against removal jurisdiction. *Gaus*

7     *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S.

8     28, 32 (2002). "The strong presumption against removal jurisdiction means that the defendant

9     always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also*

10    *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). Courts must

11    reject federal jurisdiction if there is any doubt as to the right of removal in the first instance.

12    *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

13    The vast majority of lawsuits "arise under the law that creates the cause of action."

14    *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see also Merrell*

15    *Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal district courts "shall have

16    original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

17    United States." 28 U.S.C. § 1331.

18    **B.     Timeliness**

19    The following facts are undisputed. Plaintiff filed this action on May 21, 2018. ECF No.

20    1-1. On June 15, 2018, the San Francisco Sheriff's Office received the summons. ECF No. 1-1 at

21    2. On June 22, 2018, the Attorney General's Office accepted service of the summons on behalf of

22    Defendant Koenig. ECF No. 1 at 2; ECF No. 6 at 2. On July 23, 2018, Defendant Koenig

23    removed his action to federal court. ECF No. 1

24    Plaintiff argues that the removal on July 23, 2018 is untimely because Defendant Koenig

25    was served on June 18, 2018. ECF No. 6 at 2. However, the San Francisco Sheriff's Office

26    received the summons for the purpose of serving it on Defendant Koenig, which it did when it

27    served the Attorney General's Office on June 22, 2018. Rule 6(a) of the Federal Rules of Civil

28    Procedure governs the computation of time in section 1446(b)(1) of the United States Code title

1   28.  Pursuant to Rule 6(a)(1)(A),(C), the day of the event the triggers the period is excluded and if

2   the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until

3   the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a).

4   Thirty days from June 22, 2018 was July 22, 2018, which was a Sunday.  The removal period

5   therefore continued to run until the next day, July 23, 2018.  The removal was therefore timely.

6   **C.      Federal Question Jurisdiction**

7          Plaintiff argues that this Court does not have jurisdiction over this action because the

8   complaint raises issues that are "specifically enforceable and protected" under the California

9   Constitution and California laws.  Defendant Koenig argues that removal is proper because the

10  complaint alleges violations of federal law.  Specifically, Defendant Koenig argues that the

11  complaint alleges that he violated the First and Fourteenth Amendments of the United States

12  Constitution when he falsified and fraudulently misused the prison inmate appeals process.

13  Defendant Koenig argues that the remaining state law claims fall under the court's federal

14  supplemental jurisdiction.   ECF No. 1 at 1–2.

15         After reviewing the complaint, the Court concurs with Defendant Koenig that the

16  complaint clearly presents federal law claims.  Specifically, the complaint states:

17         Plaintiff has the right to access State Business records under Article 1, section 3 of the
           California Constitution and **the First Amendment of the United States Constitution**.
18         Further the defendants' falsification and fraudulent mis-use of the CDCR appeals process
           violates plaintiff's right to due process under Article I, section 7(a) of the California
19         Constitution and **the 14th Amendment of the United States Constitution**.

20  ECF No. 1-1 at 7 (emphasis added).  Although the remaining claims are state law claims, the

21  complaint clearly contains two claims that arise out of the United States Constitution.

22         Contrary to Plaintiff's argument, the existence of state law claims in a complaint does not

23  divest a federal court of jurisdiction.  Rather, a civil action brought in a state court which contains

24  both federal and state law claims may be removed to federal court because the federal court's

25  jurisdiction derives from the federal law claims.  *Chicago v. Int'l College of Surgeons*, 522 U.S.

26  156, 166 (1997).  Once the case is removed, the district court has original jurisdiction over the

27  claims arising under federal law, and may exercise supplemental jurisdiction over the

28  accompanying state law claims so long as those state law claims constitute "other claims that . . .

3

form part of the same case or controversy." *Id.* at 165 (quoting 28 U.S.C. § 1367(a)).

Here, Plaintiff's causes of actions, both state and federal, derive from a common nucleus of operative facts — prison officials failed to respond to his California Public Record Act requests and abused/misused the grievance process when he sought relief for the failure to respond. This Court has original jurisdiction over the federal law claims set forth in the complaint, and may exercise supplemental jurisdiction over the accompanying state law claims. Defendant Koenig properly removed this case to federal court.

Plaintiff is the master of his complaint. If Plaintiff wishes to remain in state court, he has the option of filing an amended complaint that omits his federal law claims and alleges only state law claims, and then filing a renewed motion to remand based on the amended complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand. ECF No. 6. Defendant Koenig has requested that the Court conduct a preliminary screening of the complaint as required by the Prison Litigation Reform Act ("PLRA").[1] ECF No. 4. The Court GRANTS this request and will screen the complaint in a separate order.

This order terminates ECF Nos. 4 and 6.

**IT IS SO ORDERED.**

Dated: October 22, 2018

_____
JON S. TIGAR
United States District Judge

---

[1] 28 U.S.C. § 1915A(a) requires federal courts to conduct preliminary screenings in any case in which prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.